**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

JAMES A. THOMAS                                                                          PETITIONER

v.                                                                                          No. 2:07CV94-B-A

MISSISSIPPI ATTORNEY GENERAL                                              RESPONDENTS


## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James A. Thomas for a writ
of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition for
failure to exhaust, failure to state a claim upon which relief could be granted, and failure to file
the petition in a timely manner. The petitioner has not responded, and the deadline for response
expired September 14, 2007. The matter is ripe for resolution. For the reasons set forth below,
the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

James A. Thomas entered a plea of guilty to manslaughter in the Circuit Court of Desoto
County, Mississippi. On June 8, 2005, the court sentenced the petitioner to serve a term of
twenty years in the custody of the Mississippi Department of Corrections, with eighteen years
suspended and five years of post-release supervision. The petitioner was released on probation
upon expiration of his sentence on September 10, 2005. On August 16, 2006, the petitioner's
probation was revoked, and petitioner was ordered to serve two years of his previously suspended
sentence in the custody of the Mississippi Department of Corrections. The revocation order
further provided that upon service of the two years, the petitioner was to again be released on
probation. *Id.* The petitioner was released on probation to Desoto County, Mississippi, on June

23, 2007. The Desoto County Circuit Clerk's Office indicated that petitioner currently has an outstanding warrant for violation of probation, which was filed on July 19, 2007.

## The Petitioner's Claims

The petitioner sets forth ten claims for relief.

In **Ground One** the petitioner alleges that he was arrested on a charge of simple domestic assault incarcerated in the DeSoto County Jail in violation of the Mississippi Code without a hearing to determine whether probable cause existed to hold him on that charge. Several days later the petitioner was charged with murder.

In **Ground Two** the petitioner argues that his five years of post-release supervision should count toward his twenty-year sentence; as such, he believes that the sentence imposed exceeds the maximum twenty-year sentence by five years.

In **Ground Three** the petitioner argues that his post-release supervision agreement permitted him to be released to the Memphis, Tennessee area. As such, he believes that he did not violate the terms of his post-release supervision by seeking employment in Memphis.

In **Ground Four** the petitioner challenges the sufficiency of the warrant used to arrest and hold him in jail for 87 days pending a hearing on revocation of his supervised release.

In **Ground Five** the petitioner argues that the court's decision to revoke his supervised release constitutes a second prosecution for the same criminal act in violation of the prohibition against double jeopardy.

In **Ground Six** the petitioner argues that his reincarceration caused him to lose property because he could not attend a hearing to determine the distribution of his deceased mother's estate.

In **Ground Seven** the petitioner argues that he was unlawfully denied copies of transcripts of various proceedings in his criminal case.

In **Ground Eight** the petitioner alleges that there are typographical errors on his revocation order and on the criminal disposition papers.

In **Ground Nine** the petitioner argues that he had no counsel present at his revocation hearing and thus could not present the court with an agreement made in June 2005.

In **Ground Ten** the petitioner alleges that his wallet, identification, and case carrying clothing, papers, and a watch were never returned to him from the DeSoto County Jail.

## Discussion

The petitioner alleges grounds for relief which include claims challenging his conviction and sentence (Grounds One and Two), claims challenging his revocation of probation (Grounds Three, Four, and Nine), as well as claims which fail to state a constitutional violation (Grounds Five, Six, Seven, Eight, and Ten).

## Grounds One and Two:  Untimely Filed

In Grounds One and Two, the petitioner challenges his conviction and sentence.  These two claims are, however, untimely filed under 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented

from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

As the exceptions of § 2244(d)(1)(B-D) do not apply to these claims, the instant petition must have been filed within one year of the date that petitioner's judgment of conviction becomes final. The one-year limitations period is subject to tolling for the time when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999).

The trial court sentenced the petitioner on June 8, 2005, pursuant to a guilty plea for manslaughter. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. As such, the petitioner's conviction became final on July 8, 2005, thirty days after he was sentenced on his guilty plea. *Burns v. State*, 344 So.2d 1189 (Miss. 1977) (despite statutory prohibition against appeal from plea of guilty, defendant may challenge legality of sentence if he appeals within thirty days of entry of judgment).

The petitioner did not toll the one-year limitations period by filing application for post-conviction relief on or before July 10, 2006, to toll the period of limitation.[1] As such, his habeas petition was filed too late. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The petitioner has not filed a proper motion for post-conviction relief. Therefore, the tolling provision of §2244(d)(2) is not applicable to the instant case, and Grounds One and Two of the instant petition for a writ of *habeas corpus* were untimely filed.

Under the "mailbox rule," the instant *pro se* federal *habeas corpus* petition is deemed filed on the date that the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). Thus, the instant petition was filed sometime between the date it was signed on May 30, 2007, and the date it was received and stamped as "filed" in the district court on June 5, 2007. Giving the petitioner the benefit of the doubt by using the earlier date, the petition was filed 324 days after the July 10, 2006, deadline expired. As the petitioner was neither actively misled nor prevented in some extraordinary way from asserting his rights, his claims in Grounds One and Two must be dismissed with prejudice as untimely filed. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).

### Grounds Three, Four, and Nine:  Not Exhausted in State Court

In Grounds Three, Four and Nine of the instant petition, Thomas raises claims challenging the revocation of his probation on August 16, 2006. The court cannot, however,

---

[1]The actual due date would have been July 8, 2006, which was a Saturday. Therefore, the petitioner would have had until the next business day, Monday, July 10, 2006, to file his *habeas corpus* petition.

review the revocation because the petitioner has not exhausted his state court remedies. Although the petitioner had no right to a direct appeal of the revocation, *Rogers v. State*, 829 So. 2d 1287, 1288 (Miss. App. 2002)(revocation of probation is not appealable), he may proceed in state court under the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated, §§ 99-39-1, *et seq.* Section 99-39-5(1)(g) provides for relief based upon a claim "[t]hat [the prisoner's] sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]**"** Miss. Code Ann. § 99-39-5(1)(g) (Rev. 2000).

Thomas has not filed a petition for post-conviction relief challenging the revocation of post-release supervision. As such, he has not exhausted state court remedies. Thus Grounds Three, Four and Nine of the instant federal *habeas corpus* petition shall be dismissed without prejudice for failure to exhaust. 28 U.S.C. §2254(b)(1) and (c).

### Grounds Five, Six, Seven, Eight, and Ten:  Failure to State a Claim

The claims in Grounds Five, Six, Seven, Eight and Ten of the instant petition should be dismissed because these allegations fail to state a claim upon which relief could be granted. 28 U.S.C. § 2254, which provides in part:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in **violation of the Constitution or laws or treaties of the United States.**

28 U.S.C. § 2254 (a). (Emphasis added.)  Grounds Five, Six, Seven, Eight, and Ten do not set forth claims regarding the legality of the petitioner's incarceration under the Constitution, laws, or treaties of the United States. Grounds Six, Seven, Eight, and Ten involve loss of job or

property, denial of requests for copies of court papers and transcripts, and typographical errors in court papers. These claims clearly have no effect on the constitutionality of the petitioner's incarceration. The only claim meriting review is Ground Five, in which the petitioner claims that the revocation of his supervised release subjects him to double jeopardy. Unfortunately for the petitioner, "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426 (1980). As such, the petitioner's claims in Grounds Five, Six, Seven, Eight, and Ten must be dismissed for failure to state a claim upon which relief could be granted under FED. R. CIV. P. 12(b)(6).

In sum, the state's motion to dismiss the instant petition for a writ of *habeas corpus* shall be granted, and the petition shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 26th day of September, 2007.

/s/ Neal Biggers

_____
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE